IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-503-GPM |
| | ) |
| DONALD SNYDER, JR., ROGER WALKER, MR. WALLS, OFFICER BAUER, LT. BENDINGER, LT. WALKER, ILLINOIS DEPARTMENT OF CORRECTIONS, DR. FEINERMAN, DR. ANYANWU, DR. KUMAR, G.T. BURROWS, R. SCHULTZ, DR. DOUGHTY, PAM GRUBMAN, LT. KEELER, and HEALTH CARE PROFESSIONALS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, currently an inmate in the Hill Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered. The amended complaint consists of 33 enumerated paragraphs; the allegations in these paragraphs primarily relate to Plaintiff's medical treatment while in the Menard Correctional Center.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* amended complaint and other pleadings into numbered

counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **COUNT 1:** Against Defendants Snyder, Walls, Feinerman, Anyanwu, Kumar, Burrows, Schultz, Doughty, Grubman, and Health Care Professionals for deliberate indifference to his serious medical needs, in violation of his rights under the Eighth Amendment.
>
> **COUNT 2:** Against Defendants Snyder, Walls, Feinerman, Anyanwu, Kumar, Burrows, Schultz, Doughty, Grubman, and Health Care Professionals for subjecting him to inhumane conditions of confinement, in violation of his rights under the Eighth Amendment.
>
> **COUNT 3:** Against Defendants Keeler, Lt. Walker, Bendinger, and Bauer for use of excessive force, in violation of his rights under the Eighth Amendment.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are legally frivolous and, thus, subject to summary dismissal.

**COUNT 1**

In March 2001, Plaintiff began suffering back pain and convulsions in his legs, resulting in frequent falls. In approximately July 2001, Plaintiff was diagnosed with a slipped disk. Despite that diagnosis, Plaintiff was not issued a low-bunk permit. As a result of being assigned to an upper bunk, Plaintiff frequently lost his balance and fell, causing further injury to his back, neck, and other joints. Plaintiff complained of his constant pain, and he was finally moved to the health care unit at the end of August 2001. On September 15, 2001, Plaintiff was returned to general population. Apparently he lost his balance and fell into another inmate, leading to an altercation between the two that resulted in further injury to Plaintiff's neck and spine.

At some time in September 2001, Plaintiff had surgery on his neck. A spur was left pressing on his spinal cord, causing severe pain, which had not been remedied as of the filing of this action. Shortly thereafter, he was returned to general population, despite his difficulty in walking. On October 4, 2001, Plaintiff was made to walk in handcuffs and shackles; his legs began to convulse and caused him to fall, resulting in further injury to his neck and back. Plaintiff also claims that Defendants failed to provide him with pain medication and that he was not provided with adequate post-operative care.

Plaintiff alleges that all these actions, or inactions, constitute deliberate indifference to his serious medical needs. He further claims that Defendants Walls, Grubman, Feinerman, Anyanwu, Kumar, Burrows, Doughty, Schultz, Health Care Professionals, and Snyder are liable for this situation.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v.*

*Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S. Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied*, 520 U.S. 1230 (1997). The Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied*, 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery,* 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Based on these standards, the Court is unable to dismiss the claims against Walls, Grubman, Feinerman, Anyanwu, Kumar, Burrows, Schultz, Doughty, and Health Care Professionals at this point in the litigation. *See* 28 U.S.C. § 1915A.

It appears, though, that Plaintiff's only theory of liability against Snyder is based upon Snyder's position as the director of the Illinois Department of Corrections. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.

1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Further, a director of a state correctional agency is not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene. *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982).

Accordingly, Plaintiff has not presented a viable claim against Snyder, and he is dismissed from Count 1 with prejudice.

**COUNT 2**

Plaintiff alleges that Defendants were upset with him for his complaints about his medical condition. Although they moved him to the health care unit at the end of August 2001, they confined him to a cell in which water would shoot across the room, and there was no cold water. In that cell, he also claims there were open live wires outside an electrical box, and the toilet was clogged. He further alleges that he was denied access to his personal property, underwear, hygiene materials, showers, reading and writing material, and access to a telephone.

On September 1, 2001, he was transferred to another cell which was contaminated with blood and other bodily fluids from another inmate. The toilet in that cell was flooded, and the repugnant smell permeated the cell.

On September 2, 2001, he was moved to yet another cell in the health care unit. That cell had no toilet or sink; Plaintiff was made to use a bucket for bodily waste, which he was occasionally allowed to empty into a toilet in another cell. He further states that he was not provided with socks or underwear, showers, or hygiene materials, nor was he allowed to use a telephone.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an

objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Based on these standards, the Court is unable to dismiss the claims against Walls, Grubman, Feinerman, Anyanwu, Kumar, Burrows, Schultz, Doughty, and Health Care Professionals at this point in the litigation.

However, as in Count 1, Plaintiff's only theory of liability against Snyder appears to be based upon Snyder's position as the director of the Illinois Department of Corrections. Because the doctrine of respondeat superior does not apply to § 1983 actions, Snyder is dismissed from this claim with prejudice.

## COUNT 3

On October 5, 2001, Plaintiff was assaulted by Defendants Keeler, Lt. Walker, Bendinger, and Bauer when they came to discharge him from the health care unit.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent

touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Applying these standards to the allegations in the amended complaint, the Court is unable to dismiss any portion of Count 3 at this point in the litigation.

**OTHER DEFENDANTS**

Plaintiff also lists Roger Walker as a defendant in the caption of his complaint. However, the statement of claim does not include any allegations against Walker, and "[a] plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Presumably Plaintiff's theory of liability against Walker is as the successor to Donald Snyder as director of the Illinois Department of Corrections, but, as stated above, the director of a state correctional agency is not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene. *See Crowder*, 687 F.2d at 1006. Therefore, Walker is dismissed from this action with prejudice.

Finally, Plaintiff names the Illinois Department of Corrections as a defendant. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Indiana Department of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh

Amendment); *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n.3 (7th Cir. 1990) (same).  Accordingly, the Illinois Department of Corrections is dismissed from this action with prejudice.

**MOTIONS FOR COPIES (DOCS. 10, 11)**

In each of these motions, Plaintiff asks the Clerk to make copies of his amended complaint for service upon Defendants, as he has been granted *in forma pauperis* status.  Each of these motions is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendants **ILLINOIS DEPARTMENT OF CORRECTIONS**, **SNYDER**, and **WALKER** are **DISMISSED** from this action with prejudice.

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALLS, GRUBMAN, FEINERMAN, ANYANWU, KUMAR, BURROWS, SCHULTZ, DOUGHTY, HEALTH CARE PROFESSIONALS, KEELER, WALKER, BENDINGER**, and **BAUER**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the amended complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALLS, GRUBMAN, FEINERMAN, ANYANWU, KUMAR, BURROWS, SCHULTZ, DOUGHTY, HEALTH CARE PROFESSIONALS, KEELER, WALKER, BENDINGER**, and **BAUER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the amended complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as

of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections (IDOC) who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service, as well as any requests for waivers of service that are returned as undelivered, as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for

consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED:  12/1/05

s/ G. Patrick Murphy  
G. PATRICK MURPHY  
Chief United States District Judge
