IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 03-503-GPM |
| | ) |
| MR. WALLS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for leave to amend (Doc. No. 80). Plaintiff proposes a revised pleading that clarifies that he is suing the defendants in their official and individual capacities. He asks the Court to prepare and serve the proposed pleading.

The rule governing amendments to the complaint demands that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, district courts need not afford an opportunity to amend when there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moore v. State of Ind.*, 999 F.2d 1125, 1128 (7th Cir.1993). Amendment is futile if the proposed pleading fails to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997).

During threshold review, Chief Judge Murphy dismissed claims against the Illinois Department of Corrections with prejudice (Doc. No. 17). The grounds for dismissal apply to plaintiff's proposed official capacity claims. Because the proposed amendment is futile, this motion (Doc. No. 80) is DENIED.

Also pending is plaintiff's motion for entry of default. Plaintiff suggests that all defendants were served with process and failed to comply with Rule 12 by serving responsive pleadings within 20 days. He also suggests that defendant Kumar did not file an Answer within 60 days after he acknowledged receipt of summons on February 15, 2006.

This motion is opposed by several defendants. Defendant Burrows states that he timely served a Rule 12 motion (Doc. No. 86). The Clerk's records support this claim (Doc. No. 41).[1]

Defendant Schultz states that he filed a timely Rule 12 motion (Doc. No. 87). The Court finds that Schultz's Rule 12 motion was timely filed. Because that motion alters the deadline for Schultz's responsive pleading, Fed. R. Civ. P. 12, Schultz's responsive pleading is not yet due. This defendant is not in default.

Defendant Feinerman states that he served a timely Answer (Doc. No. 90). The Clerk's records support this claim (Doc. No. 64).

Defendant Kumar states that he served a timely Answer (Doc. No. 90). Because this defendant waived service, his Answer was due within 60 days after the waiver for was sent. Fed. R. Civ. P. 4(d)(3). Kumar did not file a timely response. However, defendant Kumar filed his response in compliance with an incorrect date entered by the Clerk (Doc. No. 44). Due to the clerical error, the Court declines to enter default. On the Court's own motion, the deadline for defendant Kumar's response is EXTENDED to April 17, 2006. Kumar's Answer (Doc. No. 69) is accepted as timely.

Defendant Grubman states that she served a timely Answer (Doc. No. 91). The Clerk's records support this claim (Doc. No. 39).

---

[1] In his reply, plaintiff suggests that waiver forms violate Rule 12 (Doc. No. 97). The Court finds no improper use of waiver forms. *See* Doc. No. 17 (directing service pursuant to Rule 4(d), Fed. R. Civ. P. 4(d).

Defendant Walls states that he served a timely Answer (Doc. No. 91). The Clerk's records support this claim (Doc. No. 39).

Defendant Bendinger states that he served a timely Answer (Doc. No. 91). The Clerk's records support this claim (Doc. No. 39).

Defendant Walker states that he served a timely Answer (Doc. No. 91). The Clerk's records support this claim (Doc. No. 39).

Defendant Health Care Professionals has not opposed the motion. Plaintiff did not support his motion with documents showing that Health Care Professionals was in default (Doc. No. 82). In fact, Health Care Professionals was served after plaintiff's motion for entry of default was filed (Doc. No. 89). As to Health Care Professionals, plaintiff's motion is premature.

Defendants Anyanwu, Bauer, Doughty, and Keeler have not opposed the motion. However, the materials on file do not show that those defendants waived service or were personally served with summons and a copy of the Amended Complaint (Doc. No. 88). Accordingly, they are not in default.

In sum, plaintiff's motion for entry of default (Doc. No. 82) is DENIED.

Plaintiff's motion for additional information regarding a motion to substitute counsel (Doc. No. 84) is MOOT. The request was adequately supported.

Also pending is plaintiff's motion for additional time to serve process. Plaintiff is pursuing discovery in an effort to obtain names and service addresses for some defendants. This motion (Doc. No. 92) is GRANTED. The deadline for serving process is EXTENDED to July 28, 2006.

On the Court's own motion, defendant Health Care Professionals is ORDERED to provide the Marshals Service with the last known address of the following unserved defendants within 14

days: MD Doughty, MD Anyanwu.

The Clerk is DIRECTED to send a copy of this order to the Marshals Service. The Marshals Service shall use information regarding current addresses only for the purpose of serving process and, if necessary, to prove that process was served. The information will not be maintained in the court file and will not be disclosed by the Marshals Service. The Marshals Service may be contacted by phone at (618) 482-9337 to arrange for the orderly conveyance of this information.

Also pending is a motion by defendant Health Care Professionals for leave to file an Answer out of time (Doc. No. 95). This defendant reports that the individual served failed to communicate the fact of service to the appropriate person. Pursuant to Rule 6(b)(2), the Court may enlarge the response time on grounds of excusable neglect. This motion (Doc. No. 95) is GRANTED. Health Care Professionals shall electronically file its answer within 7 days.

SO ORDERED:  June 13, 2006  .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**