IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 03-503-GPM |
| | ) |
| MR. WALLS, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Shultz's motion to dismiss (Doc. No. 33). Because the motion is supported by documents outside the pleadings, it has been construed as a motion for summary judgment. The motion is opposed (Doc. Nos. 54, 58, 75, 76).

Plaintiff is an inmate confined by the Illinois Department of Corrections. He is proceeding on two § 1983 claims against defendant Shultz, both of which allege violations of the Eighth Amendment's proscription against cruel and unusual punishment. In Count I, plaintiff claims that Shultz responded to his serious medical needs with deliberate indifference. In Count II, he claims that Shultz subjected him to inhumane conditions of confinement (Doc. Nos. 13, 17). Liberally construing plaintiff's allegations, he states that Shultz provided medical care between August 27, 2001 and February 22, 2002. During this time, Shultz knew that plaintiff had a serious spinal impairment that presented a substantial risk of harm and failed to properly evaluate and treat the spinal ailment. Plaintiff also claims that Shultz's omissions caused further injury and serious harm.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### I.   State Action

Shultz's first argument challenges plaintiff's ability to prove the element of state action. In order to succeed on his   In order to succeed on his § 1983 claims, plaintiff must establish two elements. First, the conduct at issue must have been taken under color of state law, and second, the conduct must have deprived plaintiff of rights, privileges, or immunities guaranteed by the Constitution or laws of the United States. *Larsen v. Beloit*, 130 F.3d 1278, 1282 (7th Cir. 1997).

Shultz challenges plaintiff's ability to prove state action, arguing that he provided medical services to plaintiff in a private setting, without entering into a contract to provide services to inmates on behalf of the State of Illinois. In support of his motion, Shultz submits his affidavit, stating that each and every time he saw plaintiff, he did so at his private office or at St. Elizabeth's Hospital, and not at the Menard prison or any other prison facility. Shultz also states that he has no contract with the State of Illinois or its agents or employees to provide medical services (Doc. No. 33-2). Medical reports submitted with the Amended Complaint suggest that prison doctors referred plaintiff to Dr. Burrows, who referred plaintiff to defendant Shultz, and that plaintiff had a medical furlough during this period (Doc. No. 13, pp. 9, 11, 13).

Plaintiff believes that Shultz acted jointly with the State or provided medical services that the State of Illinois is required to provide to inmates. He also maintains that Shultz's motion is premature.

Shultz's motion is not premature. Rule 56 of the Federal Rules of Civil Procedure provides

that a defending party may file a motion for summary judgment at any time. Fed. R. Civ. P. 56(b). Shultz's motion, filed on February 21, 2006, was timely.  Moreover, when the Court elected to construe the motion as one seeking summary judgment, plaintiff received adequate notice and additional time to respond (Doc. Nos. 46, 49).  Even so, the Court may refuse or continue a Rule 56 motion or enter some other order if plaintiff's affidavits demonstrate that facts essential to his opposition cannot be presented.  Fed. R. Civ. P. 56(f).

Plaintiff believes that he may be able to obtain documents showing that defendant Shultz provided medical treatment to inmates at Menard Correctional Center or contracted with the State of Illinois or some other entity to provide medical treatment to inmates.  Such evidence would contradict some facts related in Shultz's affidavit.  However, plaintiff does not state solid reasons for believing that he can obtain such evidence or that such evidence exists – only that he suspects that Shultz may have acted under color of State law at the time he provided medical services. Absent a firm basis to conclude that a continuance will likely produce evidence that defendant Shultz acted under color of state law, the Court declines to delay these proceedings.[1]

The parties agree that Shultz provided medical care to plaintiff between August 27, 2001, and February 22, 2002.  A non-governmental defendant will be found to have acted under color of state law where there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Ass'n*, 531 U.S. 288, 295, (2001).  Physicians who serve prison populations as government contractors act under color of state law.  *West v. Atkins*, 487 U.S. 42, 54-57 (1988).  On the other hand, hospitals and physicians who provide care to inmates on a purely

---

[1] It should be noted that a continuance pursuant to Rule 56(f) was allowed with respect to another defendant, after plaintiff presented information supporting that request.

private basis do not engage in state action. *Sykes v. McPhillips,* 412 F.Supp.2d 197, 204 (N.D.N.Y 2006); *Nunez v. Horn*, 72 F.Supp.2d 24, 29 (N.D. N.Y. 1999).

The materials submitted establish that Shultz provided medical services to plaintiff pursuant to a private physician/patient relationship. Shultz did not provide medical care at the behest of or on behalf of the State of Illinois or its agents and did not provide care at the prison facility where plaintiff was confined. Rather, Shultz provided care at a private hospital or in his private office. Under these circumstances, Shultz did not act under color of state law and is entitled to judgment in his favor.

### II.     Statute of Limitations

Shultz also argues that plaintiff's § 1983 claims are barred by the applicable statute of limitations. The parties agree that the statute of limitations is two years. The parties further agree that the limitations period began to run on or about February 22, 2002, and expired on or about February 22, 2004.

In support of his argument, Shultz directs the Court's attention to plaintiff's Amended Complaint, filed on June 1, 2005. Plaintiff points out that those claims relate back to his original Complaint, which was filed on August 5, 2003 (Doc. No. 1). The Court finds that the claims related back pursuant to Rule 15(c)(2). Because the original Complaint was filed before the limitations period expired, Shultz's statute of limitation argument lacks merit.

### III.    Malpractice Claims

Both parties address possible common law malpractice claims. When a threshold review of the Amended Complaint was performed, the Court did not identify malpractice claims (Doc. No. 17). Because malpractice claim are not pending before the Court at this time, these arguments are

not considered.

### IV.     Conclusion

IT IS RECOMMENDED that defendant Shultz's motion for summary judgment (Doc. No. 33) be GRANTED, as follows.  Because plaintiff has not presented facts demonstrating state action, judgment should be entered in favor of defendant Shultz on Counts I and II at the close of this case.

**SUBMITTED:**   <u>July 17, 2006</u>   .

<u>*s/Philip M. Frazier*</u>
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
