## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 03-503-GPM |
| | ) |
| MR. WALLS, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are pending motions. The first item considered is defendant Burrows' motion for an extension of the dispositive motion deadline. The motion is opposed (Doc. No. 193).

This Court will normally modify discovery deadlines upon a showing of good cause. Fed. R. Civ. P. 16(b). After defendant Burrows' motion to dismiss was converted into a motion for summary judgment, the parties received additional time to present evidence in support of or in opposition to the converted motion (Doc. No. 46). Ruling on that motion for summary judgment is pending before Chief Judge Murphy. Defendant Burrows seeks thirty days following ruling to file a new motion for summary judgment. It does not appear that such a motion could be filed, briefed, and resolved prior to the Final Pretrial Conference. Under these circumstances, the motion (Doc. No. 163) is DENIED.

Also pending is plaintiff's motion for an order directing a reporting service to send him a deposition transcript. Defense counsel has arranged for plaintiff to inspect his deposition transcript (Doc. No. 188). Because reporters are not required to furnish copies of deposition transcripts without payment of reasonable charges, the Court is not persuaded that the order requested is

appropriate. Fed. R. Civ. P. 30(f)(2). Furthermore, if plaintiff believes there are significant errors or irregularities in relation to the reporter's certification of the deposition, he has the option of seeking an order suppressing the deposition. Fed. R. Civ. P. 32(d)(4). This motion (Doc. No. 167) is DENIED.

Also pending are plaintiff's motions to compel discovery. In the first motion (Doc. No. 168), plaintiff seeks an order directing defendants Grubman, Walls, Bendinger, and Walker to answer interrogatories served on August 25, 2006. This refers to a second set of interrogatories following (and to some extent duplicating) requests served on July 3, 2006. Objections to the August 25, 2006, interrogatories were served on September 22, 2006. The defense position is that these interrogatories, numbered 1-22, contain numerous sub-parts and therefore exceed the limit imposed by Rule 33(a). Defendants note that plaintiff did not seek and obtain leave to exceed the 25-interrogatory limit. Plaintiff argues that he did not serve more than 25 interrogatories and that he sought leave to serve excess interrogatories on October 2, 2005. The materials filed with the Clerk do not support this statement.

Without leave or written stipulation, plaintiff may serve up to 25 written interrogatories, including discrete subparts. Fed. R. Civ. P. 33(a). Counting discrete subparts, the interrogatories served on August 25, 2006, direct more than 80 interrogatories to defendants Grubman, Walls, Bendinger, and Walker. The defense objection is SUSTAINED and plaintiff's motion to compel responses to interrogatories served on August 25, 2006, (Doc. No. 168) is DENIED. To the extent that plaintiff now seeks leave to serve in excess of 80 interrogatories on each of these defendants, that request is also DENIED.

Also pending is plaintiff's motion for an extension of time (Doc. No. 197). It appears that plaintiff seeks additional time to respond to the motion for summary judgment filed by defendants

Grubman, Walls, Bauer, Bendinger, and Walker. Plaintiff explains that he needs more time to serve process. Because these defendants do not challenge the sufficiency of service, the Court is not persuaded that plaintiff's efforts to serve process on other parties is grounds for extending plaintiff's response time for this motion. This motion (Doc. No. 197) is DENIED.

Also pending is plaintiff's Rule 56(f) motion for delay (Doc. No. 202). Plaintiff seeks to delay his response time on the motion for summary judgment filed by defendants Grubman, Walls, Bauer, Bendinger, and Walker. When it appears from the affidavit of a party that the party cannot present facts essential to justify the party's opposition to a motion for summary judgment, the Court may refuse to enter judgment or order a continuance to permit discovery. Fed. R. Civ. P. 56(f). On review of the materials, the Court is not persuaded that delay is warranted. This motion (Doc. No. 202) is DENIED. Plaintiff's response shall be filed within 5 days.

Plaintiff also filed a motion to compel discovery from defendant Burrows (Doc. No. 176). He seeks an order directing this defendant to produce documents requested on August 28, 2006. The issue of document production was discussed during plaintiff's September 16, 2006, deposition, and defendant Dr. Burrows served his discovery response on September 25, 2006. Plaintiff believes defendant Burrows has access to and could obtain and produce additional medical records. He notes that Burrows issued and then cancelled a subpoena seeing records from the records custodian at St. Elizabeth's Hospital. On November 5, 2006, plaintiff sent Dr. Burrows a document authorizing him to obtain x-rays from St. Elizabeth's Hospital. This motion is opposed (Doc. No. 180).

This motion is governed by Rule 37 of the Federal Rules of Civil Procedure, which provides that motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure

without court action." Fed. R. Civ. P. 37(a)(2)(B). While this topic came up at plaintiff's deposition prior to service of a response, the Court is not persuaded that plaintiff made a good faith effort to resolve his discovery dispute with defendant Dr. Burrows before he filed this motion. Moreover, defendant Dr. Burrows' obligation to produce documents in his possession and control does not include an obligation to subpoena records maintained at St. Elizabeth's Hospital on plaintiff's behalf. This motion to compel discovery (Doc. No. 176) is DENIED.

Plaintiff also filed a motion to compel discovery from defendant Health Care Professionals (Doc. No. 182). He seeks an order directing this defendant to answer interrogatories served on August 8, 2006; respond to a request for admissions served on September 18, 2006; and produce documents requested on September 21, 2006. The motion (Doc. No. 182) is unopposed and MOOT in part and GRANTED in part. Because requests for admissions are deemed admitted when an answer or objection is not served within 30 days, the Court declines to order responses to those requests. Fed. R. Civ. P. 36(a). Defendant Health Care Professionals shall serve responses to plaintiff's August 8, 2006, interrogatories and September 21, 2006, requests for production within ten days.

Also pending is plaintiff's motion for additional time to serve requests for admissions to defendant Walls (Doc. No. 178). Plaintiff prepared these requests on September 14, 2006, but was unable to serve them prior to the discovery deadline. Defendant Walls objects, noting that the requests were not prepared at least 30 days prior to the discovery deadline.

As noted above, this Court will normally modify discovery deadlines upon a showing of good cause. Fed. R. Civ. P. 16(b). Plaintiff's difficulty with the mail explains why his requests for admissions were not served on defendant Walls prior to the close of discovery; however, those

recent mail issues do not explain why plaintiff waited until September 14, 2006, to prepare these discovery requests. The parties were given a September 22, 2006 deadline for *completion* of discovery. Because defendant Walls has 30 days to serve a written answer or objection, the September 14, 2006, requests were untimely when they were prepared and mailed. Absent a showing of good cause, this motion (Doc. No. 178) is DENIED.

Also pending is a motion to amend the answers filed by defendants Grubman, Walls, Bauer, Bendinger, and Walker (Doc. No. 165). That motion is unopposed and GRANTED. The Amended Answers shall be electronically filed within 5 days.

**SO ORDERED: November 21, 2006 .**

***s/ Philip M. Frazier***
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**