IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 03-503-GPM |
| | ) |
| MR. WALLS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

  Before the Court are pending motions. The first item considered is defendant Health Care Professionals' (HCP) motion to vacate a portion of the November 21, 2006, order (Doc. No. 212). On October 27, 2006, plaintiff filed a Rule 37(a) motion directed to HCP. On November 21, 2006, the motion was granted in part. HCP was ordered to serve responses to plaintiff's August 8, 2006, interrogatories and September 21, 2006, requests for production within ten days.

  HCP seeks an order vacating this aspect of the order. It argues that HCP was not served with any interrogatories and that responses to other written discovery were timely served on November 22, 2006, following receipt on October 27, 2006.

  HCP's motion is considered under Rule 54(b). That Rule permits the Court to revisit an order at any time prior to the entry of a final judgment. The Court may vacate or modify interlocutory orders where it has patently misunderstood a party or has made a decision outside the adversarial issues presented by the parties. A further basis for revision would be a significant change in the law or facts since the issue was submitted to the Court. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

HCP's arguments could have been offered in opposition to plaintiff's Rule 37(a) motion. The Court declines to revise its order to address arguments that were not made prior to the ruling. *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill.1982), *aff'd and adopted*, 736 F.2d 388 (7th Cir.1984). This motion (Doc. No. 212) is DENIED.

Also pending is plaintiff's motion to compel discovery and for sanctions as to defendants Feinerman, Kumar, Doughty, and HCP (Doc. No. 194). Plaintiff argues that these defendants failed to comply with the portion of this Court's September 18, 2006, order, which directed these defendants to respond to written discovery served on July 3, 2006, within 14 days. Defendants Feinerman, Kumar, and Doughty respond that they have answered all discovery. Defendant HPL asks the Court to strike the motion as untimely, claiming that discovery was not served prior to September 22, 2006, and that interrogatories were not directed to HPL. Alternatively, HPL seeks 21 days to comply with the September 18, 2006, order.

Sanctions, including reasonable fees and expenses, may be imposed against a party who fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b)(2). The Court finds that defendants Feinerman and Kumar served responses to the July 3, 2006, requests on August 18, 2006 (Doc. No. 138). Hence, they complied with the September 18, 2006, order before that order was entered. While defendants Doughty and HCP did not serve responses to the July 3, 2006, discovery, their conduct is explained and excused by the fact that plaintiff did not name them in the requests served. Plaintiff's motion to compel and/or for sanctions (Doc. No. 194) is GRANTED in part and DENIED in part, as follows. Defendants Doughty and HPC shall respond to written discovery served on July 3, 2006, within 21 days.

Also pending are plaintiff's Rule 56(f) motions, which ask the Court to deny summary judgment motions or delay ruling due to non-receipt of outstanding discovery (Doc. Nos. 196, 215).

When it appears from the affidavit of a party that the party cannot present facts essential to justify the party's opposition to a motion for summary judgment, the Court may refuse to enter judgment or order a continuance to permit discovery. Fed. R. Civ. P. 56(f). After reviewing discovery responses and outstanding discovery requests in light of the arguments before the Court and applicable legal standards, the Court is not persuaded that plaintiff needs additional discovery in order to present facts essential to his opposition to the pending summary judgment motions. These motions (Doc. Nos. 196, 215) are DENIED.

Also pending is plaintiff's motion for an extension of time to respond to the motions for summary judgment (Doc. No. 198). A similar request was previously considered and denied.

The Court may extend a filing deadline for cause shown. Fed. R. Civ. P. 6(b). Plaintiff notes that he faces a deadline and is required to prepare responses to two summary judgment motions filed on the same date. The Court is not persuaded that additional time is warranted. However, the motion (Doc. No. 198) is GRANTED in part, as follows. Responses filed by December 8, 2006, will be accepted as timely.

Also pending are two identical motions to compel discovery, directed to defendants Walls, Grubman, Bendinger, Walker, and Bauer (Doc. Nos. 200, 213). Plaintiff seeks documents responsive to requests in paragraphs 3, 4, 6, 8, 12, 18, 19, 20, 21, 22, 23, 24, and 25. These defendants produced some documents and served some objections. Defense efforts to obtain additional responsive documents are ongoing. Plaintiff maintains that objections were untimely and waived.

Motions to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure

without court action." Fed. R. Civ. P. 37(a)(2)(B). With respect to these disputes, the Court finds no good faith effort on plaintiff's part to confer with defense counsel regarding the objections. Rather, it appears that plaintiff's correspondence seeking a response and the objections crossed in the mail. These motions (Doc. Nos. 200, 213) are DENIED as premature.

Also pending is plaintiff's motion for assistance with service of subpoenas on HCP and the Illinois Department of Corrections (Doc. No. 220). Plaintiff proposes subpoenas to obtain a new service address for defendant Anyanwu. Because a return with evidence of service on defendant Anyanwu was recently filed with the Clerk, this motion (Doc. No. 220) is MOOT.

**SO ORDERED:  December 7, 2006  .**

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**