IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 03-503-GPM-PMF |
| | ) |
| DONALD SNYDER, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for a temporary restraining order and/or preliminary injunction (Doc. No. 235). In this § 1983 action, plaintiff is challenging the conditions of his prison confinement. His claim in Count I pertains to the degree of medical care provided at Menard Correctional Center between April, 2001, and May, 2002. Plaintiff, currently confined at Stateville Correctional Center in Joliet, Illinois, seeks an order requiring defendants Walls, Grubman, Feinerman, Kumar, Doughty, and Burrows to diagnose and provide a medically appropriate course of treatment for various medical conditions, including a bone spur, brachial plexopathy, cervical polyradiculopathy, and nerve damage. Plaintiff believes he should be examined by Dr. Burrows and a neurosurgeon and should undergo surgery and receive physical therapy, as well as a new diagnosis. The motion is opposed by the medical defendants, who note that they have no obligation to provide medical services to plaintiff at his current facility (Doc. No. 241, 245).

Pursuant to Rule 65(d) of the Federal Rules of Civil Procedure, restraining orders and

- 2 -

orders granting preliminary injunctive relief are "binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise." Fed. R. Civ. P. 65(d).  In order to establish that he is entitled to a preliminary injunction, Lavin must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Storck USA, L.P. v. Farley Candy Co.*, 14 F.3d 311, 313-314 (7th Cir. 1994).  Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm.  18 U.S.C. § 3626(a)(2).

The Court recently evaluated plaintiff's Eighth Amendment claim regarding medical care and recommended summary judgment in favor of all of these defendants.  Plaintiff has not shown a reasonable likelihood of success on Count I.  Moreover, no facts suggest that these defendants are currently in a position to examine plaintiff or provide medical care to plaintiff at Stateville Correctional Center.  No facts establish a nexis between these defendants and those who are presently obligated to provide medical services to inmates at Stateville Correctional Center.  Also, an order mandating the treatment outlined in plaintiff's motion would not be the least intrusive means necessary to correct any harm that may be occurring.  Any order directing nonspecific procedures would be too vague to be enforced.

IT IS RECOMMENDED that plaintiff's motion for TRO/preliminary injunction (Doc. No. 235) be DENIED.

SUBMITTED:  **January 19, 2007**  .

*s/ Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**