IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 03-503-GPM |
| ) | |
| DONALD SNYDER, JR., et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Anyanwu's motion to quash summons and dismiss (Doc. No. 243).

Pursuant to Rule 12(b)(5), a pleading may be dismissed for insufficient service of process. Pursuant to Rule 5 of the Federal Rules of Civil Procedure, service of a Rule 12 motion is made on the attorney unless the Court orders service on the party.

Defendant Anyanwu served a copy of this motion on Steven H. Rovak, the attorney appointed to represent plaintiff for purposes of final pretrial and trial. Because plaintiff is not represented by Mr. Rovak for purposes of a Rule 12 motion, defendant Anyanwu was directed to supplement his certificate of service with the date a copy of the motion was served on plaintiff. A supplemental certificate of service is not on file.

At this time, the record does not show that defendant Anyanwu's motion was properly served on the plaintiff.

Furthermore, the motion lacks merit. Defendant Anyanwu seeks dismissal for lack of personal jurisdiction, claiming that valid service was not obtained in a timely manner.

The return filed by the U.S. Marshal shows that summons and a copy of the Amended

Complaint were left at defendant Anyanwu's personal residence on November 14, 2006, with Anyanwu's adult mother-in-law who does not speak English (Doc. No. 219). The adult's relationship with Anyanwu was established through a young child. Details disclosing Anyanwu's service address were not included on the return, in compliance with the Court's prior directions regarding service (Doc. No. 101).

Anyanwu argues that the return does not establish that service was not made on a person of "suitable discretion." The Court is not persuaded that the "suitable discretion" language in Rule 4(e)(2) requires service on an English speaking adult. Moreover, while there was a considerable delay in accomplishing service on Anyanwu, the delay should be excused. Plaintiff is entitled to rely on the U.S. Marshals Service to accomplish service of process. *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)(if addresses of the defendants could have been obtained with reasonable efforts, the marshal's failure to serve process is good cause for the lack of service).

IT IS RECOMMENDED that the motion (Doc. No. 243) be DENIED for lack of proper service. Alternatively, the motion should be denied on the merits.

SUBMITTED:  **February 23, 2007**  .

*s / Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**