IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LAVIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 03:03-cv-503-DGW |
| OFFICER BAUER, LT. BENDINGER, LT. WALKER, MD FEINERMAN, MD ANYANWU, MD KUMAR, MD DOUGHTY, AND HEALTH CARE PROFESSIONALS, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Now pending before the Court are Plaintiff's Motion to Sever Count III as to Anthony Bauer (Doc. 332), Plaintiff's Motion for an Extension of Time to File a Notice of Appeal (Doc. 344), and Counsel's motion to withdraw from the action (Doc. 345).

### BACKGROUND

Plaintiff, John Lavin, currently an inmate in the Illinois Department of Corrections, filed this action on August 5, 2003, seeking damages for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In its threshold review of the action pursuant to 28 U.S.C. § 1915A, the District Court identified the following claims.[1]

**COUNT 1:** Against Defendants Snyder, Walls, Feinerman, Anyanwu, Kumar, Burrows, Schultz, Coughty, Grubman, and Health Care Professionals for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.

**COUNT 2:** Against Defendants Snyder, Walls, Feinerman, Anyanwu, Kumar, Burrows, Schultz, Doughty, Grubman, and Health Care Professionals for subjecting Plaintiff to inhumane conditions of confinement, in violation of

---

[1] The parties later consented, pursuant to 28 U.S.C. § 636(c), to trial of the issues before the undersigned United States Magistrate Judge.

> Plaintiff's rights under the Eighth Amendment.

> **COUNT 3:**  Against Defendants Keeler, Lt. Walker, Bendinger, and "Officer Bauer" for use of excessive force, in violation of Plaintiff's rights under the Eighth Amendment.

The threshold order also dismissed Defendants Snyder, Roger, Walker, and the Illinois Department of Corrections (Doc. 17). Throughout the course of the action, the following Defendants and claims were dismissed: Defendant Schultz on summary judgment (Doc. 134), Defendant Burrows on summary judgment (Doc. 248), Count 1 of the complaint on summary judgment (Doc. 298), and Defendant Keeler for lack of service of process (Doc. 298).

Two months prior to trial, on April 12, 2007, the District Court entered an order stating that the following claims remained for trial: a claim for nominal and punitive damages only for inhumane conditions of confinement in violation of the Eighth Amendment against Defendants Walls, Grubman, Feinerman, Anyanwu, Kumar, Doughty, and Health Care Professionals and a claim for use of excessive force against Defendants Lt. Walker, Bendinger, and Bauer (Docs. 298, 300). On May 14, 2007, the District Court granted summary judgment in favor of Defendant Anyanwu (Doc. 309).

*Officer Bauer*

On February 9, 2006, the Court entered an order advising Plaintiff, then acting pro se, that the U.S. Marshals Service had located two Officer Bauers, and that without a first name, the U.S. Marshals Service could not determine which of the two to serve (Doc. 27). On June 20, 2006, a summons was issued to Brian Bauer (Doc. 109), which was returned executed on July 25, 2006 (Doc. 124). Plaintiff was appointed counsel on December 20, 2006 (Doc. 232). On April 26, 2007, Plaintiff's counsel deposed Brian Bauer and two other IDOC officers who were

alleged to have witnessed the use of excessive force described in the complaint (Doc. 315, ¶ 6). After hearing their testimony, Plaintiff's counsel determined that Brian Bauer was neither involved in nor witnessed the alleged assault, and that Officer Anthony Bauer was the party Plaintiff was attempting to identify in his complaint (Doc. 315, ¶ 6).

Based upon this belief, Plaintiff moved to amend his complaint on June 5, 2007, just three weeks prior to trial, seeking to add Anthony Bauer as a defendant in the action (Doc. 315).[2] On June 20, 2007, the Court,[3] finding "no reason to keep Brian Bauer in this case if he is not the intended defendant," granted the motion, but explained that due to the Court's electronic filing policy, interlineation was not possible. The Court therefore granted Plaintiff ten (10) days within which to file an amended complaint identifying Officer Bauer as Anthony Bauer. The Court denied, however, any implicit requests in the motion to amend for extension of the service deadline for Anthony Bauer, or to direct the U.S. Marshals Service to make any effort to serve Anthony Bauer in the action (Doc. 322). Plaintiff did not file an amended complaint in accordance with the June 20 order; Anthony Bauer was never served.

Trial commenced on June 26, 2007, before the undersigned. On the second day of trial, Plaintiff moved orally to dismiss Count 2 of the complaint as to all defendants. The Court granted this request, thus terminating Defendants Walls, Grubman, Feinerman, Kumar, Doughty, and Health Care Professionals from the action (Doc. 335). On June 28, 2007, the jury rendered a verdict in favor of Defendants Robert Walker and Danny Bedinger (Doc. 339).

---

[2] Specifically, Plaintiff sought to amend the complaint by interlineation, by inserting the name "Anthony" in front of every mention of "Bauer" in the complaint.

[3] United States Magistrate Judge Phillip M. Frazier presided over the pretrial matters in the action prior to the parties' consent to trial before the undersigned.

## MOTION TO SEVER

On June 27, 2007, the second day of trial, Plaintiff moved to sever Count 3 of the action as to Anthony Bauer, seeking to continue with trial against Defendants Walker and Bedinger, but preserving any claims against Anthony Bauer for a future proceeding (Doc. 332). Defendants objected (Doc. 342).

Under Federal Rule of Civil Procedure 42(b), the Court has broad discretion to separate for trial any claims, issues, or defendants "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy," so long as the Court preserves "inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution." Id. Only one of these criteria--to avoid prejudice or in the interest of judicial economy--must be met for the Court to grant a severance of claims. Houseman v. U.S. Aviation Underwriters, 171 F.3d 1117, 1121 (7th Cir. 1999).

The single biggest problem with Plaintiff's request for severance is that Anthony Bauer is not now a party to this action, nor was he at the time the motion was filed. He was never served, and despite the Court's instruction to do so, Plaintiff never filed an amended complaint properly identifying Anthony Bauer as a defendant. The Court has not found, nor have the parties cited, any authority granting jurisdiction to the court to allow a separate trial for a party who is not a defendant in the action. Accordingly, the motion to sever Count 3 as to Anthony Bauer (Doc. 332) is **DENIED**. The Court expresses no opinion as to any potential claims Plaintiff might have against Anthony Bauer in this or any other forum.

## DISMISSAL OF DEFENDANT BAUER

The Court is aware that an "Officer Bauer" still exists as a defendant in the case.

Plaintiff has determined that Brian Bauer, the "Officer Bauer" originally identified and served in the action, did not participate in or witness the alleged assault.  Therefore, Plaintiff has not stated a claim against the Officer Bauer--Brian Bauer--who is now a party to this action, and he must be dismissed as a defendant.  In his order of June 20, 2007, Judge Frazier did dismiss Brian Bauer as a defendant, when he found "no reason to keep Brian Bauer in this case if he is not the intended defendant."  To the extent this directive was ambiguous, the Court now clarifies: Officer Brian Bauer, the Officer Bauer identified and served in this action, is **DISMISSED** from the action because Plaintiff has not stated a claim against him.

### MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Plaintiff has filed a motion for extension of time to file his notice of appeal (Doc. 344). Judgment has not yet been entered in this case.  Plaintiff can appeal only from a judgment or order of the Court.  See Fed. R. Civ. P. 4(a)(1)(A); (a)(2).  Because judgment has yet to be entered, the clock has not started running on the time to appeal under Rule 4 of the Federal Rules of Appellate Procedure.  Thus, Plaintiff's motion for extension of time to file a notice of appeal is premature and therefore **DENIED as moot**.

### MOTION TO WITHDRAW AS COUNSEL

Plaintiff's counsel has moved to withdraw (Doc. 345).  Counsel states that on August 10, 2007, Plaintiff filed a request for investigation of counsel with the Illinois Attorney Registration and Disciplinary Commission.  Counsel contends that due to the investigation, his continued representation of Plaintiff presents a conflict of interest under Illinois Rule of Professional Conduct 1.7(b)(1), which states that an attorney shall not represent a client "if the representation of that client may be materially limited by . . . the lawyer's own interests . . . ."  Counsel thus

seeks to withdraw pursuant to Illinois Rule of Professional Conduct 1.16(a)(2), which requires that an attorney withdraw from representation of a client where "the lawyer knows or reasonably should know that such continued employment will result in violation of these Rules." Based on these representations, the Court **GRANTS** Counsel's motion to withdraw.

## CONCLUSION

To summarize, Plaintiff's Motion to Sever Count 3 of the complaint as to Anthony Bauer (Doc. 332) is **DENIED**. Officer Bauer is **DISMISSED** from the action. Plaintiff's Motion for an Extension of Time to File his Notice of Appeal (Doc. 344) is **DENIED** as moot. Finally, Counsel's Motion to Withdraw (Doc. 345) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: October 4, 2007**

<u>s/ *Donald G. Wilkerson*</u>
**DONALD G. WILKERSON**
**United States Magistrate Judge**